J-S64027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JAVIER TORRES | |
| Appellant | No. 534 EDA 2016 |

Appeal from the PCRA Order dated January 12, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000457-2012

BEFORE: STABILE, J., SOLANO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED OCTOBER 12, 2016**

Appellant, Javier Torres, appeals *pro se* from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. The PCRA court maintains that Appellant has waived this issue for appellate review by failing to file a statement of errors complained of on appeal pursuant to Rule 1925 of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 1925. We affirm.

On August 13, 2012, Appellant pleaded guilty to three counts of possession with intent to deliver cocaine[1] and was sentenced to a total of

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

five to ten years of imprisonment. Appellant filed no direct appeal to his judgment of sentence.

On August 10, 2015, Appellant filed a *pro se* PCRA petition asserting that he had unlawfully received a mandatory minimum sentence. The PCRA court appointed counsel, who concluded that Appellant's petition was untimely and contained no meritorious issues. As such, on October 12, 2015, appointed counsel sent Appellant a "no merit" letter pursuant to ***Commonwealth v. Turner****,* 544 A.2d 927 (Pa. 1988) (when counsel determines that issues raised in post-conviction petition are meritless and court concurs, counsel can withdraw and petitioner may proceed *pro se*, by privately retained counsel, or not at all), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (counsel will not be found ineffective so long as procedures for withdrawal have been followed).[2]

_____

[2] When PCRA counsel seeks to withdraw, the following procedures must be followed:

> 1) As part of an application to withdraw as counsel, PCRA counsel must attach to the application a "no-merit" letter,
>
> 2) PCRA counsel must, in the "no-merit" letter, list each claim the petitioner wishes to have reviewed, and detail the nature and extent of counsel's review of the merits of each of those claims,
>
> 3) PCRA counsel must set forth in the "no-merit" letter an explanation of why the petitioner's issues are meritless,
>
> 4) PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must

*(Footnote Continued Next Page)*

Counsel complied with all of the requirements and subsequently filed with the PCRA court a petition for leave to withdraw as counsel.

On December 3, 2015, the PCRA court issued a notice of intent to dismiss pursuant to Rule 907(1), stating that after an independent review, it had found the petition untimely. Notice, 12/3/15. The notice gave Appellant twenty days to respond. **See** Pa.R.Crim.P. 907(1). Appellant's *pro se* response to the notice reasserted his argument regarding his sentence but did not sufficiently address the timeliness of his petition. The PCRA court issued an order dismissing Appellant's PCRA petition and granting appointed counsel leave to withdraw on January 12, 2016.

Appellant submitted a timely notice of appeal, and on February 18, 2016, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). The order

*(Footnote Continued)* ─────────────

> include (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel;
>
> 5. The court must conduct its own independent review of the record in light of the PCRA petition and the issues set forth therein, as well as of the contents of the petition of PCRA counsel to withdraw; and
>
> 6. The court must agree with counsel that the petition is meritless.

***Commonwealth v. Daniels***, 947 A.2d 795, 797–98 (Pa. Super. 2008) (citation omitted).

concludes, "Any issue not properly included in the Statement timely filed and served pursuant to Pa.R.A.P. 1925(b) shall be deemed waived." Order, 2/18/16. But Appellant did not file a Rule 1925 statement with the PCRA court, which stated in a Rule 1925(a) opinion that due to Appellant's failure to file a 1925(b) statement, Appellant had waived all issues on appeal. PCRA Court Opinion, 4/20/16, at 2. The PCRA court's opinion explained that the petition had been dismissed due to untimeliness. *Id.* at 1.

On appeal, Appellant does not address the PCRA court's determination that his failure to file a 1925(b) statement as ordered resulted in waiver of his eligibility for appellate review of any issues raised in his petition. Instead, he revives the issues he first set forth in his PCRA petition. *See* Appellant's Brief at 1-2.

Rule 1925 of the Rules of Appellate Procedure provides, in pertinent part:

> **(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.** — If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").
>
> . . .
>
> (3) *Contents of order.*--The judge's order directing the filing and service of a Statement shall specify:
>
> . . .

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

. . .

(4) *Requirements; waiver.* . . .

(vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

Pa.R.A.P. 1925(b)(3)(iv), (4)(vii).

To give effect to these provisions, the Supreme Court of Pennsylvania has established a bright line rule that, "in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) (quoting **Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998)). This bright line applies even to those who have filed an appeal *pro se*. **See**, **e.g.**, **Commonwealth v. Schofield**, 888 A.2d 771, 774 (Pa. 2005).

Instantly, as noted, the PCRA court concluded that Appellant waived any right to appellate review of his issues by failing to file a Rule 1925(b) Statement as ordered. Our review of the record confirms that Appellant failed to file a Rule 1925(b) Statement pursuant to the PCRA court's order. Accordingly, we are constrained to agree with the PCRA court's holding that Appellant's eligibility for appellate review has been waived. **See Commonwealth v. Freeland**, 106 A.3d 768, 776 (Pa. Super. 2014) ("A *pro*

*se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court [and] [t]his Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2016